**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SA:MKP

271 Cadman Plaza East
Brooklyn, New York 11201

November 20, 2015

By Hand and ECF
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. John Wolf, 15-M-1104

Dear Judge Levy:

The government submits this letter in advance of the defendant's arraignment scheduled in this case today at 2:00 p.m. For the reasons stated below, the government requests that the defendant, John Wolf, be permanently detained before trial because he represents a danger to the community and because he is a significant flight risk.

A.      Legal Standard

The defendant is charged with possessing and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2) and conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Both of these charges carry a statutory presumption under 18 U.S.C. § 3142(e)(3) that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. § 3142(e)(3)(E) (creating presumption for offenses involving minor victims under 18 U.S.C. § 2252(a)(2)) and § 3142(A) (creating presumption for drug offenses carrying a maximum term of imprisonment of ten years or more).

The presumption is "subject to rebuttal by the defendant who must 'introduce some evidence contrary to the presumed fact.'" United States v. Gilkeson, 413 F. Supp. 2d 270, 295 (N.D.N.Y. 2006). As with any presumption case, once this burden of production has been satisfied, the government bears the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of evidence that the defendant presents a risk of flight." Id. Clear and convincing evidence is more than a preponderance but less than beyond a reasonable doubt and requires that the evidence support such a conclusion with a high degree of certainty. Colin, 2007 WL 4377723, at *2 (internal quotation and citation omitted).

To determine whether the presumptions of dangerousness and flight are rebutted by a defendant, the Court must consider:

(1) the nature and circumstances of the crime charged;
(2) the weight of the evidence against the defendant;
(3) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history and past conduct; and
(4) the nature and seriousness of the danger to the community or to an individual that would be posed by release.

18 U.S.C. § 3142(g).

Once a defendant has met his burden of production relating to danger to the community and risk of flight, the presumption in favor of detention does not disappear entirely, but remains a factor for the court to consider. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).

For the reasons stated herein, the government believes that the proffered evidence set forth in the complaint and in this memorandum overwhelmingly establishes that the defendant poses a serious danger to the community and that he is a flight risk. As such, there are no conditions or combination of conditions in this case that will adequately ensure the safety of the community or deter flight. See 18 U.S.C. § 3142(g).

B. The Defendant's Narcotics Trafficking and Distribution of Child Pornography

As set forth in greater detail in the complaint, a confidential source ("CS-1") provided the government with historical information that the defendant, a Manhattan dentist, was providing dental services to a drug dealer in exchange for methamphetamine which the defendant would then use and redistribute (Cmplt. ¶¶ 5, 7). Additionally, the government learned from CS-1 that the defendant (1) had a sexual interest in children and also possessed child pornography (Id. ¶ 8); (2) participated in underground sex parties that included drug use and bestiality, (Id. ¶ 10); and (3) would purposely puncture holes in condoms before having sex with others, (Id. ¶ 9).

At the direction and under the supervision of federal agents from the Federal Bureau of Investigation ("FBI") and the Drug Enforcement Administration ("DEA"), CS-1, and, ultimately, an FBI Undercover Agent ("UCA") met with and consensually recorded numerous conversations with the defendant, corroborating in substantial parts, the historical information provided by CS-1. During those meetings the defendant used drugs and admitted that he knew methods to beat urinalyses (Id. ¶ 12); offered drugs to the CS-1 and the UCA; recounted a story of drugging a sexual partner who refused to have sex without a condom so that the defendant could sexually assault him, (Id. ¶ 14); admitted that he had purposely punctured condoms in the past before sex, (Id.); discussed underground sex

2

parties, bestiality, and his sexual interest in children (Id. ¶ 20); and provided child pornography to the UCA, (Id. ¶¶ 21-22).

As recently as November 19, 2015, the UCA met with and consensually recorded conversations with the defendant. During that meeting, the defendant (1) advised that he had previously administered "pass out" drugs to both willing and unwilling adults during drug-fueled sex parties; (2) expressed an interest in sexually abusing children, specifically by grooming them (for example, by inquiring about their sexual habits) in order be in a position to administer drugs to sexually abuse them; (3) commented that it would be "hot" if the UCA and the defendant could sexually abuse children together; (4) indicated that he knew individuals who could assist the defendant and the UCA in an effort to sexually abuse children; (5) discussed producing child pornography for trade with other individuals to allow the UCA and the defendant access to other children for sexual abuse; and (6) admitted that he knew he could be prosecuted for this possession of child pornography.

Federal law enforcement arrested the defendant this morning and, during a search of his residence and office, recovered (1) a flash drive containing 246 files, most of which appears to be child pornography, as well as (2) methamphetamine and drug paraphernalia. Additionally, during a Mirandized interview with law enforcement, the defendant admitted to possessing child pornography, denied having sex with minors, and indicated he was unwilling to discuss his drug use or distribution, or whether he had drugged anyone unwillingly during sex.

C.  The Defendant Is a Danger to the Community and Presents a Serious Risk of Flight

   1.  Nature and Circumstances of the Crime Charged

The defendant is charged with crimes that involve serious penalties. He is charged with distribution of child pornography which carries a statutory minimum of five years' imprisonment and a statutory maximum of twenty years. 18 U.S.C. § 2252(b)(1). He is also charged with conspiracy to possess with intent to distribute methamphetamine which carries a statutory minimum of ten years imprisonment and a statutory maximum of life. 21 U.S.C. § 841(b)(1)(A), 960(b)(1)(H). The nature and circumstances of the crime charged therefore weigh in favor of detention. The government estimates that the defendant's Guidelines range will be approximately 168-210 months' imprisonment.

   2.  Weight of the Evidence Against the Defendant

The evidence of the defendant's guilty in this case is overwhelming and includes (1) the expected testimony of CS-1, (2) the consensually recorded conversations between CS-1 and the defendant, (3) the expected testimony of the UCA, (4) the consensually recorded statements between the UCA and the defendant, (5) the child pornography provided to the UCA by the defendant, (6) the child pornography recovered in the defendants residence, and (7) the narcotics and narcotics paraphernalia recovered in the defendant's home and office.

3. <u>History and Characteristics of the Defendant/Ties to the Community</u>

The defendant has no criminal history and has had strong ties to New York for at least the past two decades. While this factor could be construed as weighing against detention, it should be dismissed here, given the bizarre duality of the defendant's life.

4. <u>Nature and Seriousness of the Danger to the Community</u>

In addition to the statutory presumption that the defendant should be detained, detention is warranted in light of the nature and seriousness of the danger to the community. As set forth in the complaint and in this memorandum, the defendant's admitted criminal conduct is nothing short of terrifying. As a practicing dentist with a large number of patients, this defendant has led a double-life, an upstanding citizen by profession, and a purveyor of narcotics and child pornography by trade. He has expressed his desire and shown a clear willingness to hurt children, the most vulnerable of our society. He has admitted to having previously sexually assaulted others through the use of narcotics. He has admitted to his involvement in a deeply disturbing network of criminals who appear to have sexually preyed on animals.

To release the defendant on bond, given the overwhelming and disturbing evidence proffered here would be to simply ignore the fact that the government has presented clear and convincing evidence that the defendant presents a danger to the community. Simply put, "no condition or combination of conditions will reasonably assure [either] the appearance of the person as required and [or] the safety of the community" in these terrible circumstances. See 18 U.S.C. § 3142(e)(3)(E) and § 3142(A).

D. <u>Conclusion</u>

For the reasons stated above, the defendant should be permanently detained before trial.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:    /s/_____
Moira Kim Penza
Assistant U.S. Attorney
(718) 254-6454

cc: Mark Agnifilo, Esq. (by email)

4